# Philip J. Ritter Conserve Co. *v.* Kolb, Appellant.

*Contract—Sale—Articles for special purpose—Evidence.*

In an action to recover the contract price of 50,000 tin whistles, which were manufactured for the defendant by the plaintiff under a written order providing that they should be delivered as "soon as possible," a judgment on a verdict for plaintiff will be sustained where it appears that the order was given on June 21st, that it took four weeks to make and assemble the necessary dies and materials for the whistles, that three weeks after June 21st a phone conversation took place, in which it was alleged that the defendant said that plaintiff should receive them on July 16th, that this was denied by plaintiff, that the whistles were of no value to any one but defendant and were tendered on August 31st and refused.

In such a case the defendant cannot prove that he wanted the whistles for distribution under an advertising scheme on July 16th, without showing that plaintiffs knew of such a plan.

Argued Nov. 22, 1915.   Appeal, No. 60, Oct. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1911, No. 1908, on verdict for plaintiff in case of Philip J. Ritter Conserve Company v. Kolb's Bakeries.   Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit for 50,000 tin whistles manufactured, sold and tendered.   Before PATTERSON, J.

The opinion of the Superior Court states the facts.

At the trial "William Edward Gamble was called on behalf of defendant.

"Mr. Edmonds: I offer to prove by this witness that he is manager of the bakery at 10th and Reed streets, and was the manager in 1908, and that at that time there was a newspaper advertising campaign, having for its object the free distribution of the whistles; that the date for the distribution of the whistles was to be July 16th. Posters similar to this were distributed; and this order for 50,000 whistles was intended for distribution at that time.

"Objected to. Objection sustained. Exception allowed." (2)

"Mr. Gilpin: I offer to show the jury that we went ahead with the work in all departments of this concern's factory, as soon as possible.

"Objection overruled. Exception allowed." (3)

Verdict and judgment for plaintiff for $520.55. Defendant appealed.

*Errors assigned* were (2, 3) rulings on evidence quoting the bill of exceptions.

*Franklin Spencer Edmonds,* with him *Howard Schell Baker,* for appellants.—The ambiguous words in the contract "soon as possible" could be and were shown to mean, and to include within their terms, the words "on or before July 16th": Wright v. Monongahela Nat. Gas Co., 2 Pa. Superior Ct. 219.

The condition in the contract between Kolb and Fraustadter that delivery must be made by July 16th was binding upon Franstadter's principal, the Ritter Co., and upon their failure to fulfil it, they had no right to recover: Belfield v. Nat. Supply Co., 189 Pa. 189; Youghiogheny Iron Co. v. Smith, 66 Pa. 340; Mundorff v. Wickersham, 63 Pa. 87.

Defendant should have been allowed to show that he conducted an advertising campaign based upon the delivery of the whistles by July 16th for the purpose of evidencing his construction of an ambiguous term in the contract, particularly when there is evidence that these acts were known to the plaintiff or his agent or both of them: Moore v. Webster, 14 Pa. C. C. R. 433; Peoples Gas. Co. v. Braddock Wire Co., 155 Pa. 22.

*John C. Gilpin,* with him *Graham & Gilfillan,* for appellee.

OPINION BY ORLADY, P. J., March 1, 1916:

On June 21, 1908, the president of the defendant com-

pany, gave to a broker (Franstadter) an order in writing for 50,000 tin whistles to be made similar to a sample furnished and shipped to Kolb's Bakeries, 10th and Reed streets, Philadelphia, "soon as possible." Terms cash. This order was transferred to the plaintiff company to be performed, and the defendant was so notified. The plaintiff proceeded at once to assemble the necessary dies and materials, which required about four weeks before any could be manufactured, and when the whistles were completed they were tendered to the defendant on August 31st, and refused. They were of a design and color, with an advertisement of the defendant printed on the metal, so as to make them of no value to any other person. The defense was that these whistles were intended for a special advertisement on July 16th, and not being delivered at that time were useless to the defendant and hence were rejected.

The only direct communication shown between the parties to this suit occurred about three weeks after the order was given, when a 'phone conversation was held between Mr. Kolb and a representative (Mr. Ritter) of the plaintiff, in which, according to Mr. Kolb, Ritter stated—"that we would receive them in time" but Ritter's testimony was that he said, "Mr. Kolb, it is physically impossible to make delivery at that date." The dispute is circumscribed by this 'phone conversation, and could only be disposed of by a jury. The defendant further complains that the court excluded an offer to prove that the defendant at the time the order was given, was conducting a newspaper advertising campaign, having for its object the full distribution of these whistles on July 16th, but there is no suggestion in the record that this important feature of the contract was ever brought to the notice of the plaintiff, so as to affect the terms of the written order as to delivery—soon as possible—and the objection as made by the plaintiff was properly sustained. Nor was there any error in the plaintiff being permitted to show that it proceeded promptly, and used

all available methods to complete the order within a reasonable time. No specific date being fixed in the order, the jury was the proper tribunal to decide whether the plaintiff proceeded with diligence and in good faith. This question was fairly submitted by the trial judge in saying—"It is a simple question for you to determine from the testimony, whether or not it was agreed that these whistles were to be delivered on or before July 16, 1908. If they were, your verdict should be for the defendant. If there was no time fixed at all, then, if you believe they were gotten out and offered within a reasonable time, and refused, and that a total loss came to the plaintiff thereby, your verdict should be for the plaintiff."

The judgment is affirmed.